## D. S. MILLS *v.* DAVID COLE.

New Trial—Submission to Jury.

It is error for the court to grant a new trial, where the case was submitted to the jury on the evidence, with instructions asked for by both litigants to which no exceptions were taken, and the jury found in accordance therewith.

Same—Jury.

On a conflicting deposition given by a witness, in two different trials, it is within the power of the jury to conclude that witness was mistaken in one.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

October 8, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

This case has been twice tried in the court below. On the first the issue on the plea of *non est factum* was submitted to a jury with the instructions asked by each party without objection, and to which no exceptions were taken. And a verdict and judgment having been rendered for defendant, on motion of appellee a new trial was awarded, on the ground that the verdict was against the evidence. On the second trial the law and facts were by agreement of the parties submitted to the court, who rendered judgment for appellee and appellant has appealed to this court.

The granting of the new trial is the first error complained of. On that trial the note with the testimony of the witnesses was before the jury, and was a part of the evidence—and whatever suspicions of the genuineness of the note, might arise on its face from apparent erasures of one word or more, and the insertion of others, and the similarity of the signature of Mills to the manuscript in the body of the note they had a right to consider with the other evidence, they were facts legitimately before them for their consideration.

O'Bannon's deposition it appears had been twice taken before the first trial and both his depositions were read to the jury. In the first he said *I believe* the signature of Mills to the note was

put there by W. A. Jenkins and when asked on cross examination the following question *"Was* not the name of Mills placed upon that note long after the first signature was put on it?" He replied *"he did not know.".* In the second one—he stated in reply to the first interrogatory therein that he was in the employ of W. A. Jenkins, and received forty-four tons of hay from David Cole and reported the amount to W. A. Jenkins and he, Jenkins, *filled up a note,* and signed his name and the name of D. S. Mills to the same, and delivered the same to David Cole in his presence.

This certainly is a very different statement from that made in his first deposition—and while Henry Jenkins swears in answer to a question confined to the signature alone that *he believed the signature* of Mills to the note is in the handwriting of W. A. Jenkins, he does not say the filling up of the note is nor a word on that subject—and from an inspection of the original note which is before us, and a comparison of the name of W. A. Jenkins to it, with the filling up thereof, the jury were authorized to conclude that the witness was mistaken.

The question is not whether Jenkins could not have bound himself and partner for a firm debt by the signature of his name alone to the note—but has the note since it was made and delivered been so changed in a material part as to destroy its obligatory force in law? That question was submitted to a jury on the pleadings—and we are constrained to the conclusion that their finding on that issue was not contrary to the evidence or so much against the weight of the evidence as to authorize the court to grant a new trial.

Wherefore the judgment is *reversed* and the cause is remanded with directions to set aside the last judgment and render judgment on the verdict of the jury for appellant.

*Gibson, for appellant.*
*Speed, for appellee.*